**LEWIS BRISBOIS BISGAARD & SMITH LLP**
H. PAUL EFSTRATIS, SB# 242373
  E-Mail: Paul.Efstratis@lewisbrisbois.com
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
JONATHAN WON, SB# 293910
  E-Mail: Jonathan.Won@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, CA 94104
Telephone: 415.262.8592
Facsimile: 415.434.0882

Attorneys for Defendant FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA B. PERAZA, an individual and JOSEPH PARKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>Superior Court Action: 20CVP-0280 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby remove to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 20CVP-0280 of the Superior Court of California, County of San Luis Obispo. In support of this removal, Ford states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Luis Obispo by Plaintiffs Sara B. Peraza and Joseph Parker ("Plaintiffs") against Ford, entitled Sara B. Peraza and Joseph Parker v. Ford Motor Company, et al. Case No. 20CVP-0280 (the "State Action"). The only named Defendant is Ford Motor Company ("Ford").

2. Plaintiffs filed the State Action on August 25, 2020, asserting breach of warranty allegations against Ford.

## PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on August 27, 2020. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** to the Declaration of Jonathan Won filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Luis Obispo promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. Consistent with Congress' intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir.

1987) ("This court has noted that *sua sponte* dismissals without prior notice or opportunity to be heard are 'hazardous' . . . . A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Ford requests the opportunity to amend its notice of removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.*

Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

13. Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

14. In the case at bar, the Plaintiffs seek both monetary relief and punitive damages. This is a consumer warranty action involving allegations that Ford's vehicle did not perform as warranted. Plaintiffs alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 et seq.) (Compl. ¶¶ 16-56).

15. Plaintiffs allege that on August 25, 2019, they purchased a new 2019 Ford F-250, and that the vehicle had "serious defects and nonconformities to warranty." (Compl. ¶¶ 8-9).

16. Plaintiffs allege that they are entitled to relief under the Song-Beverly Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. at Prayer for Relief.) Plaintiffs also seek "rescission of the purchase contract" damages under the Song-Beverly Act. (*Id*.)

17. Civil penalties under the Song-Beverly Act are properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D.

1 Cal. 2002). The amount in controversy also includes reasonable estimates of
2 attorney's fees. Id. at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700
3 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000. (Declaration of Brian C. Vanderhoof "Vanderhoof Decl.", ¶ 5, filed concurrently herewith).

19. If Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000 or more if awarded statutory civil penalties. Even before taking attorneys' fees and punitive damages into account, the purchase price of $91,897.92 plus $183,795.84 as a 2X civil penalty pursuant to the Song-Beverly Act, totals $275,693.76. (Declaration of Jonathan Won "Won Decl." ¶ 7).

20. Thus, the total amount in controversy far exceeds $75,000 even before adding Plaintiffs' claim for punitive damages. The amount in controversy requirement is satisfied.

## DIVERSITY OF CITIZENSHIP EXISTS

**A. Plaintiffs and Ford are diverse.**

21. Plaintiffs are, and were at the time of filing of the Complaint, citizens of California. (Compl. ¶ 2.)

22. Ford is, and was at the time Plaintiffs commenced this action, a corporation incorporated in and organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2016 Form 10-K filing, **Exhibit C** to Won Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

23. For the reasons stated above, there is diversity of citizenship between Plaintiffs, who are California citizens, and Ford, a citizen of Michigan and Delaware.

# CONCLUSION

Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is solely between properly joined citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: September 28, 2020        LEWIS BRISBOIS BISGAARD & SMITH LLP

                                          By: /s/ Brian C. Vanderhoof
                                               H. PAUL EFSTRATIS
                                               BRIAN C. VANDERHOOF
                                               JONATHAN WON
                                               Attorneys for Defendant FORD MOTOR COMPANY

**FEDERAL COURT PROOF OF SERVICE**
Peraza v. Ford Motor Company
Case No. 20CVP-0280

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 28, 2020, I served the following document(s):

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Michael H. Rosenstein<br>Sepehr Daghighian<br>Lauren C. Martin<br>California Consumer Attorneys, P.C.<br>10900 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90024<br>Telephone: (310) 872-2600<br>Fax: (310) 730-7377 | ***Attorney for Plaintiffs***<br><br>Email: mhr@calattorneys.com<br>sd@calattorneys.com<br>lcm@calattorneys.com |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 28, 2020, at San Francisco, California.

_____
Charmaine Villavert

4834-4458-6700.1

1

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL