**LEWIS BRISBOIS BISGAARD & SMITH** LLP
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
JONATHAN WON, SB# 293910
  E-Mail: Jonathan.Won@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882
Attorneys for Defendant Ford Motor Company

**CALIFORNIA CONSUMER ATTORNEYS**, P.C.
MICHAEL H. ROSENSTEIN, SB# 169091
  E-Mail: mhr@calattorneys.com
LAUREN C. MARTIN, SB# 315013
  E-Mail: lcm@calattorneys.com
10900 Wilshire Blvd., Suite 300
Los Angeles, California 9006
Telephone: 310.872.2600
Facsimile: 310.730.7377
Attorneys for Plaintiffs Sara B. Peraza and Joseph Parker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA B. PERAZA, an individual and JOSEPH PARKER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:20-cv-08898-AB-AGR <br><br> STIPULATED PROTECTIVE ORDER <br><br> Action Filed: August 25, 2020 <br> Trial Date: None Set <br><br> ***NOTE CHANGES MADE BY THE COURT*** |

4852-2277-1169.1   -1-

STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced by FORD MOTOR COMPANY ("Ford") or by any party in this action, it is ordered that:

1. Documents or information to be produced or provided by Ford or any party in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Protective Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

3. Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown, or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of its, his or her own information designated as a Protected Document or Protected Information.

4. If a receiving party disagrees with the "Protected" designation of any document or information, the parties will adhere to and follow <u>the assigned magistrate judge's</u> procedures in an effort to resolve the dispute. The Protected

Documents or Information at issue will continue to be treated as a Protected Document pending determination by the Court as to the confidential status.

5. Protected Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

6. Unless otherwise ordered by the Court or permitted in writing by the Designating/Producing Party, a Receiving Party may disclose Protected Documents only to "Qualified Persons," who are:

    a. The Parties Counsel of Record in this matter, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this matter. Employees of Counsel of Record shall be bound to this Stipulated Protective Order by the signature of Counsel of Record;

    b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this matter. Employees of Counsel of Record shall be bound to this Stipulated Protective Order by the signature of Counsel of Record;

    c. Non-attorney experts or non-attorney consultants of the Receiving Party to whom disclosure is reasonably necessary for this matter and who have signed the "Written Assurance" (Exhibit A), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d. The Court and its personnel;

    e. Court reporters and their staff;

f.  Professional jury or mock trial consultants, mock jurors (except that mock jurors will not retain hard or electronic copies of Protected Documents at the conclusion of mock proceedings), and a vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review, or production of documents in the case, to whom disclosure is reasonably necessary and who have signed the "Written Assurance" attached as Exhibit A hereto;

g.  The author or recipient of a document containing the information, or any other person agreed to in writing by the parties who have signed the "Written Assurance" attached as Exhibit A hereto;

h.  During their depositions, witnesses, and attorneys for witnesses, in the matter, and consistent with Sub-Paragraph (g), provided: (i) the deposing party requests that the witness sign the Exhibit A "Written Assurance;" and (ii) they will not be permitted to keep any confidential information unless they sign the Exhibit A "Written Assurance," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Documents may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7. The receiving party must store and maintain Protected Documents at a location and/or in a secure manner that ensures that access is limited to the persons authorized under this Order.

8. The Receiving Party shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(f) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for Ford upon Order of the Court requiring production. However, for non-attorney consulting experts who were not designated as testifying experts, the Receiving Party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person. To the extent the "Qualified Persons" described in paragraphs 6(c) and 6(f) above include privileged non-testifying expert consultants or privileged non-testifying consultants, the Receiving Party shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants/consultants described in paragraphs 6(c) and 6(f) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. In the event that the Producing Party seeks to compel the production of each unredacted and executed Exhibit A, for good cause, the parties will adhere to the assigned magistrate judge's procedures prior to filing any motion.

9. As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons (excluding the Court and its personnel) may not post Protected Documents on any website or internet accessible document repository, excepting a secure vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale,

advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's (or the producing party's) Protected Documents and confidential information. <u>For clarification, nothing in this paragraph shall preclude any party from electronically filing documents with the court.</u>

10. To the extent that Protected Documents or information obtained therefrom are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony ~~and/or used as exhibits at trial~~, such documents or information shall remain subject to the provisions of this Order, including any transcript pages of the deposition testimony ~~and/or trial testimony~~ dealing with, referring to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft or final <u>deposition</u> transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents. All portions of transcripts not designated as Confidential within the time frame provided herein shall be deemed not confidential.

11. If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, the parties will adhere to and follow the procedure outlined in LR 37.1 of the Central District of California in an effort to resolve the dispute. The designated deposition testimony at

1 issue, and any related exhibits, will continue to be treated as a Protected Document pending determination by the Court as to the confidential status.

12. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed <u>with an application to file</u> under seal by following the protocols for sealed filings in this Court (LR 79.5 of the Central District of California). However, if a party believes that documents designated as Protected Documents cannot or should not be sealed, pursuant to the protocols and rules in this Court, then the parties will adhere to and follow the procedure outlined by this Court and the Central District Local Rules. Absent written permission from the producing party or a court Order denying a motion to seal, a receiving party may not file in the public record any Protected Documents.

13. After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

14. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

15. The parties may disclose and produce responsive documents to each other in this litigation and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

   a. The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

   b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified

Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required pursuant to Federal Rule of Civil Procedure Rule 26(b)(5) and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

    c.    The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

    d.    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

    e.    If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe

    is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

  f. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

  g. The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Federal Rules of Evidence Rule 502(d).

16. No provision of this stipulated order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.  No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

17. In the event that a party produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

  a. The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of

      the producing party. Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

  b. If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order. If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the receiving party's motion is denied, the parties shall promptly comply with Paragraph 17(a) of this Order.

  c. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

18. This Protective Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the parties <u>or by court order</u>. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

19. After termination of this litigation, the provisions of this Order shall continue to be binding. ~~This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.~~

20. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21. It is further agreed that the language and terms of this Stipulated Protective Order are based on negotiation and compromise for purposes of use in this case only. The terms of this Stipulated Protective Order shall not be deemed as precedent with respect to negotiation of protective order terms in any future litigation involving the parties and/or their counsel.

_____  DATED: _____, 2021.

_____  DATED: _____, 2021.

So Ordered, this 28th day of October, 2021.

*Alicia G. Rosenberg*
_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA B. PERAZA, an individual, JOSEPH PARKER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:20-cv-08898-AB-AGR<br><br><br><br>**EXHIBIT A** |

### EXHIBIT A - CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____[POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (2:20-cv-08898-AB-AGR).  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be

disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States and the laws of the State of California, that the foregoing is true and correct. Executed this___day of_____, 20__, at _____.

DATED:_____        BY:  _____
                                                             Signature

                                                             _____
                                                             Title

                                                             _____
                                                             Address

                                                             _____
                                                             City, State, Zip

                                                             _____
                                                             Telephone Number

4852-2277-1169.1  -14-

STIPULATED PROTECTIVE ORDER